### JANSEN and HARDENBURGH *against* BALL.

COVENANT, tried at the *Ulster* circuit, *April,* 1825. The action was upon an instrument in these words and figures :

Whether a declaration on a deed, with profert and oyer, can be supported by shewing a deed lost after declaration filed, and not produced at the trial ? Quere.

The lost deed may be received in evidence at the trial, and if there be no surprise, and the execution of the deed is not contested, the plaintiff may afterwards amend his declaration so as to make it conform to the case.

An instrument purporting to be an assignment of a judgment, when in truth there is no judgment, and by which instrument the party covenants that the judgment, as described, is due and unpaid, will subject him to an action for a breach of covenant.

The fact that there was no such judgment, if it be described as one in the supreme court, may be shown by a witness who has examined the dockets and transcripts of dockets in any one of the clerk's offices of that court ; and failed to find the docket of the judgment described.

The measure of damages in an action on such a covenant, is the value of the property owned by the judgment debtor, and which might have been taken in execution intermediate the time of assignment and the commencement of the suit ; with interest from the time when the money might have been raised by a sale.

The supreme court, on a motion for a new trial, will look into the evidence, and see whether, according to this rule, the damages are too high ; and if so, they will grant a new trial, unless, within a time to be fixed by them, the plaintiff remit so much as shall reduce them to the true sum.

" Supreme court.

| Amzey L. Ball | May 20th, 1819. | |
| --- | --- | --- |
| v. | | |
| Abraham Van Kuren. | Bond pen. | $345,82 |
| | Condition, | 172,91 |
| | Pltff's costs, | 9,36 |
| | Deft's do. | 68 |

I do hereby assign, transfer and set over, for a valuable consideration, unto *Joseph Jansen* and *Abraham I. Hardenburgh* all my right, title and interest in and to the judgment as above stated, together with sheriff's fees; amounting in all to 198 dollars 84 cents; and warrant that all the above sum remains due and unpaid. Witness my hand and seal, this 3d *Sept.* 1819. *Amzi L. Ball,* (*L. S.*)"

The declaration alleged, that, at the above date, *Van Kuren* had sufficient property to satisfy the demand; but that no judgment had been entered. The declaration made profert of the deed; and oyer was prayed and given. Plea, *non est factum.*

On the trial, it appeared that the instrument declared on had been lost after issue joined; and could not be found upon diligent search. It was satisfactorily proved that the oyer was a true copy of the original, which had been executed by the defendant. A witness testified that he had examined the docket of judgments in the clerk's office of this court in the city of *New-York;* and the transcripts there from the clerk's offices of this court in *Albany* and *Utica;* and found no judgment in favor of the defendant. Proof of the deed, without its production, was objected to; and also the proof of search in the clerk's office; the former as being inadmissible under the profert and oyer; and the latter as incompetent, to shew that there was no judgment. The objections were overruled.

Proof was then given of the amount of the defendant's property, which was lost, as a means of paying the supposed judgment; in order to fix the measure of damages. This evidence is sufficiently stated in the opinion of the court.

The judge charged, that the measure of damages was the amount of property belonging to *Van Kuren,* which could

have been taken under an execution ; that the property in his possession at the time of the assignment which had been sold under another execution, did not belong to him ; and should not be included in the estimate of damages ; that the plaintiffs were entitled to recover the fair value of the property that *Van Kuren* owned, from the time of the assignment until the commencement of the suit, with interest from the time the money might have been collected.    Verdict for the plaintiff for $283,33.

A motion was now made for a new trial.

*G. F. Tallman*, for the defendant.    Proof of the loss and contents of the instrument declared on was inadmissible.    (2 *Str.* 1186.   1 *Ph. Ev.* 403.   4 *East*, 585.   4 *Cowen*, 124.)    The evidence of examining the docket and transcripts was incompetent.    The docket itself, or an exemplified copy, should have been produced.    No breach of the covenant was proved.    The verdict was also against evidence in the amount of damages.

*C. H. Ruggles*, contra, cited *Shep. Touch.* 73 ; 1 *Ph. Ev.* 157.

*Curia, per* WOODWORTH, J.    As to the non-production of the assignment, the rule seems to be, that the plaintiff may state the loss specially ; and omit the making of a *profert ;* but here the deed was lost subsequently to the declaring.    The plaintiff could not, at the time, declare specially.    After a profert is made, the deed is supposed to remain in court ; and if denied, is kept there until it be determined.    (*Shep. Touch.* 73, 4.)    The case of *Smith* v. *Woodward*, (4 *East*, 585,) decides, that where a plaintiff declared on bond with a *profert*, on *non est factum* pleaded, secondary evidence by means of a copy, and shewing that the defendant had taken away the original, and, before action brought, said he had burnt it, was not sufficient to sustain the declaration.    The question there decided is not analagous.    It is true, lord *Ellenborough* remarks, that if the bond were lost or destroyed after having declared on it, the plaintiff might move to put off the

trial; and amend.   I incline to think it not necessary, for the purposes of justice, nor required by any adjudged case, that a party should incur such delay and expense, when it manifestly appears there has been no surprise; and the due execution of the instrument has not been made a question at the trial.   Under these circumstances, I am of opinion that the plaintiff be permitted to amend his declaration, by adapting it to the case, which gets rid of the technical objection.   Amendments which subserve the justice of the case, are frequently made after verdict.   They are always addressed to the discretion of the court.   It is perhaps safer to take this course, than to lay down a general rule, that where a deed is lost after issue joined, it shall be competent to give secondary evidence.   (4 *Cowen*, 124.   3 *T. R.* 151.   3 *Tauut.* 81.) (*a*)

The evidence entitled the plaintiffs to recover; and I think the charge of the judge was correct.

The only remaining question is, whether the verdict was not against the weight of evidence, as to the amount of damages.

It appeared that *Van Kuren* had in his possession, (and which was reputed to be his property,) a mare, valued at $35, a waggon, $50, a colt, $60, a cow and heifer, $30, and a pong and harness, $30.   *Van Kuren* testified that the waggon was left with him by his father-in-law; that he used, and afterwards sold it.   He did not say who was the owner.   The jury, in the absence of further proof, were justified in considering him the owner.   The weight of evidence was, that the colt had not been sold, until after the assignment.   The cow, heifer, pong and harness, had been sold under another execution; and left in *Van Kuren's* possession by the purchaser.   The cow was subsequently redeemed.

The highest valuation of the property that might have been levied on, was $145.   The cow, being exempt from execution, is not included.   From *March 3d*, 1820, (allowing 6 months to collect the money,) to *September 3d*, 1824, supposing that to be the time when the suit was

(*a*) Vid. ante, 365.

ALBANY,
Feb. 1827.

Jansen
v.
Ball.

ALBANY,
Feb. 1827.

Jackson
v.
Whitbeck.

commenced, the amount is $45,67, making, in the whole, $190,67.   It seems to me this evidence did not authorize a verdict for a greater amount.   As the damages are susceptible of calculation with considerable accuracy, I am not inclined to subject the parties to the expense of a new trial, if the plaintiff consent to remit a portion of the damages.

My opinion is, that a new trial be granted, with costs to abide the event of the suit, unless the plaintiff shall, within 20 days, remit $92,66, parcel of the damages recovered.

Rule accordingly.