# J. M. HURD, Administrator, etc.,

## *v.*

# JOHN W. and WILEY B. SLATEN.

1. JUDGMENT—*assignment of*—*effect of release by attorney of assignor.* A, on the 19th of December, 1860, executed his note with surety to B, upon the purchase of a certain judgment held by B, against C, who was considered insolvent, but the written assignment thereof was not made until July, 1862, and was then antedated to correspond with the note. At the date of this assignment, an execution was in the hands of the sheriff upon this judgment, and the attorney for B indorsed upon it a receipt in full, and directed it returned, which was done, whereby A lost all benefit of the judgment. B afterward died, and A paid the amount of his note given for the purchase of the judgment to B's administrator. A then filed his claim against B's estate for the amount of such judgment. *Held,* first, that B, by his assignment, covenanted that the judgment against C was unsatisfied, and was for the amount specified therein. Second, that, it appearing, by the proof, that A, at the time he purchased the judgment, knew of a tract of land out of which the amount could have been collected, but that by the act of B's attorney, and the insolvency of C, he had been deprived of all benefit of that for which he had paid value to B, the estate of B was liable for the amount of A's claim.

2. PROBATE COURT—*equitable jurisdiction over claims presented.* The probate court has equitable jurisdiction in the allowance of claims against the estates of deceased persons.

APPEAL from the Circuit Court of Jersey county; the Hon. DAVID M. WOODSON, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Messrs. A. L. & R. M. KNAPP, for the appellant.

Messrs. WARREN & POGUE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding before the court of probate of Jersey county, wherein John W. Slaten and Wiley B. Slaten presented a claim against the estate of Matthew Darr, deceased, of which J. M. Hurd, the appellant, was administrator. The claim was allowed by the court to the amount of six hundred and twenty-eight dollars and fifty-seven cents. Hurd appealed to the Circuit Court, where the allowance was confirmed, to be paid in due course of administration. A motion for a new trial having been heard and overruled, an appeal is taken to this court.

The controversy grows out of this writing of assignment:

"Jersey Circuit Court, *Matthew Darr* v. *William Miller.* Judgment for $418.28 — note. March Term, 1859. In consideration of four hundred and twenty-eight dollars to me paid, I do hereby sell, assign and transfer to Wiley B. Slaten and John W. Slaten, the judgment above mentioned against William Miller for their use and benefit, hereby authorizing them to collect and enforce payment thereof in my name, or to their assigns or otherwise, but at their own costs and charges; and covenanting that the sum of four hundred and seventy-eight dollars, including the interest and cost, is due thereon. In witness whereof, the said Matthew Darr, party of the first part, hath hereto set his hand and seal, this 19th day of December, A. D. 1860."

At the date of this assignment an execution was in the hands of the sheriff, issued on this judgment, and the attorney for the plaintiff, Darr, indorsed upon it a receipt for four hundred and two dollars with interest, being in full of the judgment less sixteen dollars made by sale of land, and ordered the execution to be returned by the sheriff, which was done. It appears, it was known to the Slatens, that there was a tract of land subject to this judgment, out of which, by speedy measures, they could have made the amount. This was the moving cause with them for its purchase, and for which they executed their note with security to Darr for four hundred

dollars, payable three years after date with ten per cent interest from date until paid, and dated December 19, 1860, which the Slatens duly paid to the administrator of Darr. The writing of assignment was not in fact executed until some time in July, 1862, and was antedated to correspond with the date of the note, and with the agreement then made to assign the judgment.

It is clear that Darr, by this writing, covenanted that this judgment against Miller, in his favor, was unsatisfied, and that it amounted to four hundred and seventy-eight dollars, for which the Slatens paid value.

The execution which issued on this judgment on the 18th day of December, 1860, and then under the control of the attorney of record of Darr, having been receipted by him in full, and the execution, so returned, deprived the Slatens of the opportunity they had, when the assigment was agreed to be made to them, of collecting the judgment, and which, by the insolvency of Miller, has been wholly lost to them. It is but just and equitable, that Darr's estate should respond to the Slatens, and let the administrator pursue the attorney, if any ground of action exists against him. This court has said in several cases, that the probate court has a sort of equitable jurisdiction over claims presented before it for allowance. *Moore* v. *Rogers*, 19 Ill. 347; *Dixon* v. *Buell*, 21 id. 203; *Moline Water Power and Manufacturing Company* v. *Webster*, 26 id. 233.

It is on this ground, the appellees should recover. By the act of the covenantor's attorney, they have been deprived of a benefit for which they had paid value to the covenantor, and his estate ought to respond in damages. This is equitable.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*