CLARK v. HAMPTON.

*Guaranty against statute of limitations — when invalid — Evidence.*

Defendant guarantied a note which was apparently outlawed as follows: " I hereby guaranty that the above note is not outlawed according to the laws of our State." The holder of the note brought action thereupon against the maker who set up the statute of limitations, which defense was sustained. At the trial of this action upon the guaranty defendant offered to show that the maker of the note was irresponsible. *Held,* (1) that no consideration being expressed the guaranty was invalid; and (2) that defendant was entitled to show that the maker of the note was irresponsible and a judgment against him could not be collected.

APPEAL from a judgment of the county court of Livingston reversing a judgment recovered by the plaintiff in the court of a justice of the peace. The action was brought by Henry M. Clark against Isaac Hampton, upon a guaranty of a note, of which the following is a copy, with the guaranty:

"For value received, I promise to pay Isaac Hampton, or bearer, twenty-five dollars one year from date, with interest.

*December* 17, 1862. " JOHN SEAGER."

"I hereby guaranty that the above note is not outlawed according to the laws of our State.

"ISAAC HAMPTON."

The note was given, as was claimed by the plaintiff, in part payment of an organ purchased by the defendant from plaintiff. Defendant testified that he gave plaintiff $200 for the organ and gave him certain notes among which was the one in question in order to make it appear that plaintiff did not sell the organ under the price of $280.

The plaintiff sued the maker of the note who defended and pleaded the statute of limitations, and this defense was sustained and judgment given for the defendant in that suit (the maker of the note), the defendant in this action, Hampton, having no notice of the commencement or pendency of said suit.

At the trial before the justice of the peace, defendant offered to show that the maker of the note was an irresponsible person at the time the guaranty was given, but upon the objection of the plaintiff was not allowed to do so.

Judgment was given by the justice of the peace for the plaintiff for $40 damages and $5.90 costs, which was reversed on appeal by the county court, and the plaintiff appeals to this court.

*L. B. Proctor*, for appellant.

*Charles J. Bissell*, for respondent.

E. DARWIN SMITH, J. The judgment of reversal by the county court, I think, was entirely correct on several grounds. The guaranty was invalid for want of any consideration expressed in it, but the defendant was clearly entitled to show that the maker of said note was entirely worthless and that a judgment against him could not be collected within the cases of *Bridge* v. *Mason*, 45 Barb. 38, and *Jansen* v. *Ball*, 6 Cow. 628, as held by the county judge.

The judgment of the county court should be affirmed.

*Judgment affirmed.*