JOHN W. EMERSON, Plaintiff in Error, v. THOMAS M. KNAPP, Defendant in Error.

St. Louis Court of Appeals, April 29, 1898.

1. Judgment: WARRANTIES OF ASSIGNOR. The assignor of a judgment, even without recourse, warrants that it is what it purports to be, that it is unpaid, and constitutes a legal obligation against the defendant therein.

2. ——: ASSIGNMENT OF JUDGMENT. If the judgment does not belong to the assignor or is not valid, or has been wholly or partially paid, he is answerable to his assignee on the warranty implied by the assignment, for the damages resulting from such payment, invalidity, or failure of title.

3. ——: INVALID JUDGMENT: ASSIGNMENT OF. In the case at bar it was shown that the judgment assigned to plaintiff had *no* legal strength, force and effect, for it was overthrown and set aside by the decision of the supreme court of the United States.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

J. W. EMERSON, · pro se, LOUIS F. DINNING, WM. R. EDGAR, for plaintiff in error.

The petition sufficiently sets out the facts. The demurrer raises the question as to whether defendant is legally liable as assignor of an invalid judgment— one that was afterward reversed, because no right of action existed. When two such able and modern authors as Freeman and Black, in their works on judgments, after a thorough review of modern adjudications, say the assignor is liable, it would not seem necessary here to enter into any *de novo* investigation. See Freeman on Judg., sec. 426a; Black on Judg., secs. 949, 948. Now, if we followed our own sense of "the fitness of things" we would stop here and not encumber the court with a single further suggestion. But if the court desires to pursue the investigation further, and look into the cases, and sources of authority, then the following memoranda may be perused: The assignee got no greater rights against the United States than the assignor had. 18 Mo. 405; 33 Mo. 80; 56 Mo. 133; 58 Mo. 577; R. S. 1889, secs. 2390 and 6215. The assignor was bound to know that the claim and judgment were just and true, and a subsisting valid claim against the United States; and the preferring the claim, and the assignment of it for value, implied a guarantee of this. In assigning a judgment "the assignor warrants that it is what it purports to be; if it does not belong to him, or is not valid, or has been wholly or partly paid, he is answerable to his assignee on the warranty implied in the assignment for the damages resulting from such payment, invalidity, or failure of title, but not the insolvency of the judgment debtor." 2 Freeman on Judg., 426a; 15 N. Y. 437; 12 Sme. & M. 299, in 57 Am. Dec. 115; 40 La. Ann. 273, in 8 Am. St. Rep. 528; Black on Judg., secs. 949,

948, 955; Miller v. Duggan, 36 Iowa, 433 (cited in Freeman and Black); 12 Miss., Smede & Mar. 299.

VERNON W. KNAPP for defendant in error.

A judgment is not void because reversible on appeal; but if void it must be from one or more of the following causes: *First.* Want of jurisdiction over the subject-matter. *Second.* Want of jurisdiction over the parties to the action or some of them. *Third.* Want of power to grant the relief contained in the judgment. Freeman on Judg., sec. 116. If no proceedings are ever taken against a voidable judgment, it will continue throughout its life to all intents a valid sentence, and a judgment pronounced by the court, although upon an erroneous view of the law, and subject therefore to be reversed by an appellate tribunal, is never treated as void, but valid for all purposes of protection to the party acting under it before reversed. Black on Judg., secs. 170 and 59. It is plain that a judgment has all its validity pending error, and is conclusive until reversed. Bank v. Calvit, 3 Sm. & M. 143; Moore v. Tanner's Adm'r, 5 Mon. 45. All judgments of a court are either interlocutory or final, and such as "declare that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for" are final. 3 Black's Com., p. 398.

BOND, J.—Thomas P. Bashaw sued the United States for money alleged to be due him as district attorney, and recovered a judgment in the circuit court of the United States for $1,070, which was affirmed in the United States circuit court of appeals in June, 1892. The defendant was the attorney for Bashaw in said litigation and took to himself an assignment of the judgment when it was first rendered. After the

decision of the United States circuit court of appeals, defendant represented that he was the legal owner of said judgment, but that the surplus of its proceeds over $600 would belong to said Bashaw, and proposed to sell the judgment to plaintiff (subject to Bashaw's equity) for $600, and to that end stated to plaintiff that "said judgment was a final and valid judgment, and collectible against the United States." Without knowledge to the contrary and in reliance upon the truth of these statements, plaintiff purchased the judgment from defendant, paying therefor $600, and taking a written assignment on the margin of the record. After setting forth the above facts the petition concludes, to wit: "That said Bashaw being largely indebted to this plaintiff, agreed and consented that said amount of said judgment over and above six hundred dollars should be credited to him on his said indebtedness to plaintiff, and it was so credited.

STATEMENT.

"That notwithstanding defendant's representations that said judgment was final and valid, the United States did afterward on the —— day of ——, 1892, and within the time required by law, appeal the same to the supreme court of the United States, and said court did on the nineteenth day of March, 1894, hear, consider and determine the same, and did in all things reverse said judgment, and did decide and adjudge that the claim or claims or charges upon which said judgment was founded was and were wholly illegal and void, and that said judgment was wholly invalid, and without consideration, and of no force or effect.

"Wherefore, plaintiff says that the consideration, to wit, the six hundred dollars so paid by plaintiff to defendant for said judgment, has wholly failed; that said representations of defendant on which plaintiff

relied, to wit, that said judgment was valid and final and collectible, were wholly untrue and were a fraud upon plaintiff.

"That plaintiff has often heretofore demanded of defendant the payment of said sum of six hundred dollars with interest, and he has refused and still refuses to pay the same.

"Wherefore, plaintiff asks judgment for six hundred dollars, with interest, since the tenth day of June, A. D. 1892, and for costs.

"Plaintiff states that defendant is further indebted to him for money expended in the necessary defenses of said appeal in said cause in the supreme court of the United States as follows, to wit: Cash paid for printing necessary briefs on behalf of appellee in said supreme court, the sum of twenty-five dollars; cash paid for expressage on briefs, postage and telegrams in and about said appeal, the sum of ten dollars; paid attorney's fees in Washington in the supreme court of the United States on said appeal, the sum of one hundred and fifty dollars; in all, the sum of one hundred and eighty-five dollars; which said sum so necessarily expended for the use, and at the instance and request of defendant, in and about the defense in said supreme court in said appeal, is justly due by defendant to plaintiff, and for which plaintiff prays judgment, with interest from April 1, 1894.

"And plaintiff prays judgment for the sum of seven hundred and eighty-five dollars and interest and costs."

Defendant demurred to the petition, on the ground that it failed to state any cause of action. The demurrer being sustained, plaintiff duly appealed to this court.

We are unable to concur in the view of the learned trial judge that the petition wholly failed to state any

Emerson v. Knapp.

cause of action. Aside from the misrepresentations alleged therein as the inducement to plaintiff's purchase of the judgment, we think he is entitled to recover on the warranties implied in the assignment of the judgment to him. According to the text writers, the assignor of a judgment, even without recourse, warrants that it is what it purports to be, that it is unpaid, and constitutes a legal obligation against the defendant therein.

JUDGMENT: warranties by assignor.

"If the judgment does not belong to the assignor or is not valid, or has been wholly or partially paid, he is answerable to his assignee on the warranty implied by the assignment, for the damages resulting from such payments, invalidity, or failure of title." 2 Freeman on Judg., sec. 426a; 2 Black on Judg., sec. 949, and cases cited. In the case at bar plaintiff purchased the judgment of an intermediate court.

. On defendant's appeal that judgment was held for naught in the court of last resort. The most that could be claimed for it, prior to the last decision, is that it was voidable in law. A warranty that the judgment sold is *valid* is not answered by the transfer of a voidable judgment, for the evidence of the latter renders it *invalid*, and it would be a logical contradiction to say that an *invalid* judgment meets the requirements of a warranty that the judgment is *valid*. The term valid means in law "having legal strength, force and effect," or "incapable of being rightfully overthrown or set aside." In the case at bar it was shown that the judgment assigned to plaintiff had *no* legal strength, force and effect, for it was overthrown and set aside by the decision of the supreme court of the United States. Clearly, therefore, under the foregoing definitions the judgment in question was not valid. We therefore hold that the allegations in plaintiff's petition showing the

transfer to him for cash of a worthless judgment state a cause of action for the recovery of the purchase price, for which judgment is asked in the first count. As the assignment of the judgment did not imply that it was non-appealable, plaintiff is not entitled to any compensation for his services in endeavoring to uphold the judgment on appeal. The order of the trial court sustaining the demurrer is reversed and the cause remanded, with directions to proceed in accordance with this opinion. Judge BLAND concurs; Judge BIGGS dissents.