## JAMES O. HINKLEY

*v.*

## THE CHAMPAIGN NATIONAL BANK.

*Opinion filed June 23, 1905—Rehearing denied October 11, 1905.*

1. ASSIGNMENTS—*there is no implied warranty that a judgment assigned is impregnable.*  An asignment of a judgment carries an implied warranty that the judgment is genuine, that it was entered in due form of law, that the court had jurisdiction to enter it and that it has not been paid or released; but there is no implied warranty that the judgment is impregnable to attack.

2. SAME—*what is not an express covenant that a judgment is valid.*  A covenant in an assignment of a judgment by confession that "there is now due on said judgment the sum of $2633," does not amount to an express warranty that the judgment is impregnable to attack, but is merely a covenant that the judgment has not been paid or released.

3. SAME—*the doctrine of caveat emptor applies to purchase of a judgment.*  If the purchaser of a genuine, unsatisfied judgment desires the assurance that the judgment is impregnable to future attack in law or equity, he must obtain an express covenant to that effect in the assignment or he cannot claim the advantage of such a warranty.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign county;  the Hon. F. M. WRIGHT, Judge, presiding.

This is a suit in covenant by J. O. Hinkley for the use of J. B. Meneley upon the following instrument:

"This indenture, made the 17th day of December, 1896, between the Champaign National Bank, a corporation, of the first part, and James O. Hinkley, of Chicago, of the second part:

"*Witnesseth:* Whereas, the said party of the first part on the 15th day of December, 1896, recovered a judgment in the circuit court of Cook county, Illinois, general No. 164,966, against George C. Meneley for $2633.00 and costs of suit, as will by the record thereof more fully appear.

"Now, this indenture witnesseth, that the said party of the first part, in consideration of $2633.00 to it duly paid before the sealing and delivery of these presents (the receipt whereof is hereby acknowledged), has sold, assigned, transferred and set over, and, by these presents does sell, assign, transfer and set over unto the said party of the second part, and his assigns, the said judgment and any and all sum and sums of money that may be had or obtained by means thereof, or on any proceedings to be had thereon.

"And the said party of the first part does hereby constitute and appoint the said party of the second part, and his executors, administrators and assigns, its true and lawful attorney, irrevocably, with power of substitution and revocation, for it and in its name, and in the name and names of its successors or assigns, but for the sole use and benefit of the said party of the second part, and at his own cost and charges, to ask, demand and receive, and to sue out executions, and other writs, and take all lawful ways for the recovery of the money due, or to become due, on the said judgment; and, on payment, to acknowledge satisfaction or discharge the same; and attorneys, one or more, under him for the purpose aforesaid, to make and substitute, and the same, at pleasure, again to revoke, hereby ratifying and confirming all that his said attorney or substitute shall lawfully do in the premises.

"And the said party of the first part does covenant that there is now due on the said judgment the sum of $2633.00, and that it will not collect or receive the same or any part thereof, nor release or discharge the said judgment, but will own and allow all lawful proceedings therein, the said party of the second part saving the said party of the first part harmless of and from any cost and charges in the premises.

CHAMPAIGN NATIONAL BANK,
By Edw. Bailey, *Prest.* (Seal.)

"Sealed and delivered in the presence of Thomas J. Smith.

J. F. HESSEL.

(The Champaign National Bank,
Seal.
Champaign, Illinois.)"

"The declaration sets out the assignment *in hæc verba,* and for breach of covenant therein avers, omitting some verbiage, 'that there was not then and there due the sum of $2633.00 or any sum whatsoever on the said judgment;' 'that the said judgment in the said deed or assignment of judgment mentioned was then and there void and was then and there a pretended judgment entered by confession on a warrant of attorney, and that afterwards, on the 20th day of January, 1900, on motion of said George C. Meneley, the said judgment was opened and said George C. Meneley let in to defend on the merits, the said judgment to stand as security; and that afterwards, at the April term, 1901, of the said circuit court of Cook county, a trial by jury was had of said cause, and a verdict rendered for the defendant therein, said George C. Meneley; and that afterwards, at the May term, 1901, of the said Cook county circuit court, a judgment was entered on said verdict against the said Champaign National Bank for costs of said suit, of all which proceedings said Champaign National Bank had notice, whereby the said judgment in the said deed or assignment became wholly lost to plaintiff.'

"The defendant bank demurred to the declaration; the court overruled its demurrer, whereupon it filed a plea of *non est factum,* not sworn to, and divers other pleas. Afterwards it was stipulated that the defendant might introduce any evidence which would be a valid defense if well pleaded, and that a jury be waived and the cause tried by the court. The cause was so tried, the finding was for defendant, and judgment entered against plaintiff for costs.

"Upon the trial counsel for plaintiff, Hinkley, introduced in evidence the said assignment of judgment, the original notes signed by George C. Meneley payable to J. F. Hessel and endorsed by Hessel to Champaign National Bank; also the declaration and cognovit in the suit of the bank against George C. Meneley, a certified copy of the judgment in that case which was entered on December 15, 1896, in the Cook

county circuit court, Judge Clifford presiding, for $2633.00; also execution thereon issued December 16, 1896, and also execution issued October 22, 1897, which was returned in no part satisfied, the files and record showing the opening of the judgment, plea of defendant, George C. Meneley, trial of that cause and judgment setting aside the original judgment and adjudging costs against the bank. Plaintiff also made proof showing that the said judgment against Meneley, or the major part of it, if it had not been set aside could have been collected by certain proceedings in garnishment which had been instituted.

"The circuit court admitted evidence on the part of defendant which appears to show that the bank paid nothing for the notes and received no benefit from the assignment of the judgment; that Meneley, the maker of the notes, was insolvent and execution proof; that he had a suit pending against the Chicago City Railway Company for personal injuries suffered by him through its alleged negligence; that one Starring was an attorney and claim agent for that company; that Hessel, the payee of the notes, negotiated a sale of the notes to Starring for the company to use as an offset against any judgment that Meneley might get against the company; that the amount to be paid for the assignment was $450.00; that before the money would be paid the notes should be transferred to some third party, judgment entered thereon and assignment of the judgment made for the accommodation of Hessel and the company; that Hessel arranged to have the judgment entered in the name of the bank; the assignment was made to Hinkley at the direction of Starring; the $450.00 were paid to Hessel's attorney, and he, the attorney, sent his check for $400.00 to the bank or Hessel, payable to the order of the bank, and that Hessel got that amount of money from the bank. The bank profited nothing.

"It seems from the evidence as taken that Hinkley was a mere accommodation holder of the assignment for the railway company, as the bank was of the notes and judgment

for Hessel and the railway company. By the assignment, as it turned out, Hessel got $400.00, the bank got nothing but this lawsuit, and the railway company appears to be out to the extent of $450.00."

After the cause was tried, resulting in a finding for defendant in error, and after judgment was entered by the circuit court against the plaintiff in error for costs, an appeal was taken to the Appellate Court where the judgment so entered by the circuit court was affirmed. The present writ of error is sued out from this court for the purpose of reviewing the judgment of affirmance so entered by the Appellate Court.

BENSON LANDON, and SPENCER M. WHITE, for plaintiff in error.

THOMAS J. SMITH, (ROYAL WRIGHT, of counsel,) for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In their opinion deciding this case, the Appellate Court, after making a statement of the facts as the same are set forth in the preface hereto, expressed the following views:

"It is claimed by counsel for plaintiff, Hinkley, that all this evidence is incompetent. In the view we take of the case we deem it unnecessary to take time or space to discuss or determine that question. There is no question of fraud in the case. It is true, the plaintiff avers that the said judgment mentioned in the assignment was a pretended judgment and void, but the proof fails to establish the averment. On the contrary, the plaintiff proved that the judgment was not pretended, but real, not void, but voidable, in the event Meneley should be let in to plead in the cause and make his defense, as was done. If the averment of the declaration that the judgment was void were proven, a very different case would be presented.

"The determination of the cause depends upon what covenants, implied or express, are contained in the assignment. Appellant contends that appellee by implication and by express terms warrants that the judgment thus assigned is a valid judgment, and that the amount named is due thereon. If this contention be right, appellant is entitled to recover unless the evidence above referred to makes a defense. We do not agree to appellant's contention. We will assume that a valid judgment is one that cannot be successfully assailed by any proceeding at law or in equity. Counsel cite authorities, which do sustain their position that the general language of the assignment, the mere words of description and transfer of the judgment, constitute an implied warranty that the judgment is valid. *Arnold* v. *Hickman,* 6 Mumford, (Va.) 15, *Miller* v. *Duggan,* 36 Iowa, 433, *Emerson* v. *Knapp,* 75 Mo. App. 92, and some other authorities support that proposition, but as we view the question, those authorities do not announce the correct rule, nor the rule as settled in this State. There is no implied warranty in the mere assignment of a judgment that it is impregnable. The implied warranty is that it is a genuine judgment, that in due form of law a judgment was entered, that the court had jurisdiction to enter it, and that it has not been paid, released or otherwise nullified.

"A judgment is not a negotiable instrument or writing; it is a mere chose in action; the doctrine of *caveat emptor* applies to the purchaser thereof. If such purchaser desires warranty beyond what is so implied, as above stated, he must see to it that he gets it in express terms. This is not an open question in this State. While the precise question has not been decided in terms, it has been substantially.

"In *First Nat. Bank* v. *Drew,* 191 Ill. 186, the subject of implied warranty on sale of mere choses in action is discussed at length, some former decisions of the court upon the same subject are cited, and the doctrine, as hereinabove stated, is again announced and approved. We deem further discussion of that question unnecessary.

"There being then no implied covenant in the assignment that the judgment is proof against all attack, it remains to be considered whether there be any such express covenant. It is urged by counsel for appellant that the words: 'The said party of the first part does covenant that there is now due on the said judgment the sum of $2633.00' are a covenant that the judgment is a valid judgment. We do not think that a fair construction of the above quoted words warrants the conclusion drawn by counsel. The natural and reasonable meaning, which would be given to those words by either lawyers or laymen, is, that the assignor had received no payment thereon. It is as if it read: 'does covenant that nothing has been paid on said judgment, there is now due thereon the sum of $2633.00.' When the words in the immediate connection are read also, the meaning, if obscure before, becomes perfectly clear. The language is: 'And the said party of the first part does covenant that there is now due on the said judgment the sum of $2633.00, and that it will not collect or receive the same or any part thereof, nor release or discharge the said judgment.' That is, the assignor covenants that nothing has been or will be paid to it on the judgment. If it had been contemplated by the parties to make assurance that the judgment was a valid judgment, not successfully assailable by any future proceeding at law or in equity, other language than was used would naturally have been used. Naturally it would have been written 'that the said judgment is a valid judgment,' or some other words of like import.

"When the question is put concerning a note, bond, judgment or other like writing, how much is due on it? the answer expected is not that it is a valid instrument, but that so much remains unpaid. At the most, it is only by argument and inference, by implication, that it can be said that the language used conveys the idea of validity. The reasoning is: the sum of $100.00 is due on this judgment, therefore the judgment is a valid judgment, for, unless it were a valid

judgment, there could not be anything due on it. Counsel for appellant cite *Hurd* v. *Slaten,* 43 Ill. 348. Hurd was administrator of the estate of one Darr. Darr recovered a judgment against one Miller, and assigned it to Slaten. The assignment contained the following: 'covenanting that the sum of $478.00 including the interest and cost is due thereon.' Before the assignment was made an execution had been issued on the judgment and Darr's attorney had receipted upon it full payment to him. The opinion of the court reads: 'It is clear that Darr by this writing covenanted that this judgment against Miller, in his favor, was unsatisfied, and that it amounted to $478.00 for which the Slatens paid value.' The language of that covenant is precisely the same in substance as in the covenant under consideration. It is said by the court to be clear that the meaning of the words is that the judgment is 'unsatisfied.' So here, the clear meaning of the covenant is that the judgment against Meneley is wholly unsatisfied. *Bennett* v. *Duncan,* 61 N. Y. Ct. of App. 222, and *Jansen* v. *Ball,* 6 Cow. 628, are cited by appellant.

"In the *Bennett case* the covenant in the assignment was that the sum of $1034.46 was due on the judgment. The fact was that the only solvent defendant to the judgment had been released before the assignment was made. There was in legal effect no such judgment in existence as described in the assignment. In the *Jansen case* there was 'warrant that all the above sums remain due and unpaid.' In fact no such judgment had ever been recovered. There was no judgment in existence, the assignor was liable on the implied covenant of the assignment that a genuine judgment existed.

"In the case at bar no such conditions exist as in the two cases last referred to. Here, there was a genuine judgment in existence, and no release thereof, and no payments made thereon. If the purchaser of a genuine unsatisfied judgment desires assurance that it is valid, proof against assault, he must take proper covenant therefor. As is said in *Otis* v. *Cullum,* 92 U. S. 447: 'If the buyer desires special protec-

tion he must take a guaranty.   He can dictate its terms and refuse to buy unless it is given.   If not taken he cannot occupy the vantage ground upon which it would have placed him.'

"We find in this record no breach of either implied or express covenant, and the judgment will be affirmed."

We concur in the views above expressed by the Appellate Court, and adopt the same as the opinion of this court.   Accordingly, the judgment of the Appellate Court affirming the judgment of the circuit court is affirmed.

*Judgment affirmed.*