Frank C. Carbrey, Plaintiff-Appellee, v. Ellen M. Carbrey, Defendant-Appellant.

Gen. No. 68–93.

Second District.

May 16, 1969.

Ruben, Kaplan and Lasky, of Chicago, for appellant.

Burek and Field, of Wheaton, for appellee.

PRESIDING JUSTICE MORAN delivered the opinion of the court.

On December 29, 1967, the plaintiff filed a complaint for divorce in DuPage County. He alleged that he was an actual resident of that county but did not state the period of his residence. The grounds for the divorce in the original complaint were both mental cruelty and habitual drunkenness. In January, 1968, the defendant appeared and answered the complaint and also filed a counterclaim for separate maintenance on grounds of desertion. Ultimately the counterclaim was amended to seek a divorce.

On April 3, 1968, plaintiff filed an amended complaint for divorce alleging that he and defendant had been residents of the State of Illinois since July 7, 1967, and further charging grounds of mental cruelty in that the defendant had been a habitual alcoholic for a period of fifteen years and as a result of her alcoholism had forged numerous checks, had required the calling of police, the eviction of plaintiff from certain premises and the causing of such indebtedness on the part of the plaintiff as to force him into bankruptcy.

The trial court, sitting without a jury, heard numerous witnesses and at the conclusion of the proofs found that the defendant was "a chronic alcoholic, has been for the past ten years." The trial court then ordered that the divorce would be granted to the plaintiff on the grounds of habitual intoxication, that the counterclaim of the defendant would be denied, and that the custody of the minor children of the parties would be vested in the plaintiff.

This appeal followed raising five issues. First, that the decree was void because the trial court lacked jurisdiction. Second, that the one-year residence requirement of section 2 of the Divorce Act (Ill Rev Stats 1967, c 40, § 3) had not been met. Third, that the charge of mental cruelty in the amended complaint and the find-

ings of the trial court that the decree would be granted on grounds of habitual intoxication were at variance and fatally defective. Fourth, that the defense of recrimination had been proven and consequently barred the divorce and, finally, that the trial court erred in granting custody of the minors to the plaintiff.

Our examination of the case leads us to the conclusion that the trial court was correct and that it should be affirmed.

There is no need for us to detail the lengthy record of alcoholism exhibited in this case. Suffice it is to say, the trial court's findings that the defendant was a chronic alcoholic and had been for at least ten years before the trial is amply supported in the record.

The more difficult problem in this case arises over the fact that section 2 of the Divorce Act, supra, requires that a plaintiff be a resident of this State for one year prior to bringing a suit for divorce or a resident of this State for six months provided the grounds for divorce occurred within the State.

When the original complaint was filed, the plaintiff had not been a resident of Illinois for six months, and when the amended complaint was filed he had been a resident of Illinois for six months, but not for one year.

While the defendant answered instead of raising the question of jurisdiction, and thereby vested the court with jurisdiction over her person, the parties would not have power to vest the court with jurisdiction over the subject matter. However, subsequently and after the plaintiff had been a resident of Illinois for at least six months, an amended complaint was filed alleging grounds of mental cruelty and specifically referring to a long period of intoxication.

Assuming the plaintiff has been within the state for 6 months but not for one year, the question then becomes, may a ground for divorce which has a time period for its basis, ripen into a cause of action when only

the latter portion of that time period occurred within the State of Illinois and the original inception occurred without this State?

In the early case of Ashbaugh v. Ashbaugh, 17 Ill 476, 477 (1856), the inception of desertion actually occurred between husband and wife in Canada. The period of desertion became complete while the defendant resided in Illinois. The Supreme Court held that the plaintiff could obtain a divorce here in Illinois because the grounds of desertion had become complete while the defendant was a resident of this State.

In the case of Conrad v. Conrad, 396 Ill 101, 71 NE2d 54 (1947), the inception of desertion took place in the State of Florida, but the period of desertion was completed while the plaintiff was a resident of Illinois and living in West Frankfort. The wife challenged the divorce on the grounds that the period of desertion must originate and be completed in the State of Illinois. The Supreme Court said at pages 104–105, "Appellant contends that all of these jurisdictional facts must exist while the appellee lived within the territorial limits of the city of West Frankfort before any cause of action arose. This contention is not well founded. To hold that the original act of leaving must occur in this State would deprive bona fide residents of this State from having their causes of action heard by the courts in their own State. . . . Inasmuch as appellee was a resident of the city of West Frankfort when the act of desertion became complete in this State, then the cause of action had arisen within the corporate limits of the city of West Frankfort and there was no error in the city court of West Frankfort dismissing the appellant's motion to vacate the decree."

■ We conclude, therefore, that the rule of law is that a ground for divorce requiring a period of time to be completed may originate anywhere and that the Courts of Illinois will have jurisdiction to hear it if it is com-

367

pleted while the person bringing the ground is a resident of Illinois, assuming that he has been a resident of our State for the requisite period.

■ This rule is supported by the authorities as above disclosed and it seems to us that it is supported by logic. The purpose of the residence requirement is to prevent forum shopping. The residence requirement itself has no connection with the grounds as will be seen by the fact that various grounds have different time requirements, and indeed some grounds have no time requirements at all. For example, desertion must be for a period of one year and habitual drunkenness for two years, while the grounds for cruelty or adultery may be established in a lesser period.

The reason habitual drunkenness is considered to be a ground for divorce in this State is that where alcoholism lasts for a two-year period it has a substantial deleterious effect on a marriage. This effect is equally deleterious wherever it occurs. The fact that it occurs in Illinois does not make it more deleterious than if it occurs partly in Illinois and partly in another state. The Legislature is correct in prescribing residence requirements so as to prevent forum shopping, but obviously the Legislature did not intend that the two-year period for drunkenness should all occur in Illinois, since that is not the problem intended to be solved by the statute.

To hold otherwise we would have to conclude that the person who had been a resident of Illinois for more than six months, but less than one year, could get a divorce in Illinois on certain grounds, such as cruelty and adultery, but that he could not get a divorce in Illinois on all the grounds prescribed in the statute, whereas the person who had been a resident of Illinois for more than one year could get a divorce in this State on all of those grounds. It is inconceivable to us that the Legislature intended to discriminate in that fashion. In addition to that, a person who is guilty of habitual

drunkenness could move from the jurisdiction before the expiration of two years and as long as he moved to a state that had a similar statutory requirement he could avoid a divorce altogether. Obviously, the Legislature did not intend such a result.

██ We conclude, therefore, that the six months' residence requirement of section 2 of the Divorce Act, supra, applies to this case. We conclude further that while the original complaint filed in this case was a nullity, the amended complaint did vest the trial court with jurisdiction not only of the parties, but of the subject matter of this cause.

██ In connection with the alleged fatal variance between the allegation of grounds in the amended complaint and the findings of the trial court, the defendant has made a motion to amend his pleadings in this Court to allege habitual drunkenness as a ground. That charge is amply supported by the evidence and, indeed, was specifically set forth in the amended complaint. We grant the motion.

██ The defendant next argues that they have proven a defense of recrimination against this plaintiff and that they have shown that the plaintiff was guilty of physical cruelty. The defendant further argues that every ground for divorce, if proven, acts in recrimination of every other ground excepting only adultery which is considered to be so grave as to not be defensible even though the person charging adultery has been guilty of another ground for divorce. We find it unnecessary to pass upon the validity of this rule in the case at bar. The rule of recrimination only applies if both parties prove that the other has been guilty of such conduct as would be a grounds for divorce, but in this case the trial judge found the issues against the defendant and dismissed the counterclaim.

██ As we said in the case of Kovac v. Kovac, 26 Ill App2d 29, 52, 167 NE2d 281 (1960), "Where the chan-

cellor sees the witnesses and listens to their testimony, his findings of fact will not be disturbed unless they are manifestly against the weight of the evidence." In this case both the defendant and her daughter testified that the plaintiff had been guilty of physical cruelty. The plaintiff denied and his son joined in the denial. It saddens us that the bitterness which is apparent in this record forced mother and daughter and father and son to testify on opposing sides, and yet in view of the conflicting evidence where the trial judge has seen and heard the witnesses and is in the best position to determine the matter, we cannot substitute our judgment for his and we must conclude that the defense of recrimination was not proved.

The remaining point before us concerns custody of the minor children which, as we have indicated, was vested in the father. As we said in Eggemeyer v. Eggemeyer, 86 Ill App2d 224, 231, 229 NE2d 144 (1967), "In all matters concerning the custody of children, the paramount issue is their welfare. . . . The trial court is clothed with a large discretion in child custody matters and a reviewing court is reluctant to interfere with the trial court in its exercise of such latitude of choice."

We are not now concerned with the parents. We are concerned only with the welfare of the children. That concern, and indeed the jurisdiction of the courts, will last all during their minority. The trial court had the parties before him and is in the best position to judge where custody can be placed so that it will be in the best interests of the children. There is nothing in the record before us which indicates that his judgment was erroneous.

Because of the conclusions we have reached herein, the judgment of the trial court must be affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.