*In re* MARRIAGE OF PATRICIA MARIE GOSLIN, Petitioner-Appellant, and JESSE JAMES GOSLIN, Respondent-Appellee.

Fourth District   No. 17541

Opinion filed May 5, 1982.

Kenneth E. Baughman, of Monticello, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Petitioner, Patricia M. Goslin, appeals a decision of the circuit court of Macon County entered October 6, 1981. After an ex parte hearing, the circuit court dismissed Goslin's dissolution of marriage petition on the grounds that the court lacked subject matter jurisdiction. Specifically, the court found the alleged actions of mental cruelty occurred outside the State of Illinois and before the petitioner moved to Illinois. The court concluded for that reason, it had no subject matter jurisdiction.

On appeal, petitioner maintains the trial court erred in dismissing the petition for that reason.

The Illinois Marriage and Dissolution of Marriage Act (the Act) provides:

"The court shall enter a judgment of dissolution of marriage (formerly known as divorce) if:

(1) the court finds that one of the parties, at the time the action was commenced, was domiciled in this State or was stationed in this State while a member of the armed services, and that the domicile or military presence has been maintained for 90 days next preceding the making of the findings." Ill. Rev. Stat. 1979, ch. 40, par. 401(1).

To comply with the jurisdictional requirements of the Act, one of the parties must have been *domiciled* in the State of Illinois for a period of 90 days prior to the court's final decision. Although petitioner does not allege her domicile, she testified she has been living in the State of Illinois for four years prior to filing her petition. The Act contains no requirements that the acts forming the basis for the dissolution of marriage occur within the State of Illinois. The testimony was sufficient to show petitioner's compliance with the statutory requirement necessary to bring the action in Illinois.

The requirements of the Illinois Marriage and Dissolution of Marriage Act are different than those under prior law which required a plaintiff in a divorce case to have been a *resident* of the State for one year prior to filing of the complaint or, when the grounds for divorce occurred in Illinois, to have been a resident for the preceding six months. Ill. Rev. Stat. 1975, ch. 40, par. 3; see *Carbrey v. Carbrey* (1969), 108 Ill. App. 2d 363, 247 N.E.2d 818.

Accordingly, we reverse the order of the trial court dismissing the complaint. We remand to the circuit court of Macon County with directions that petitioner be given an opportunity to amend and for further proceedings consistent with this opinion.

Reversed and remanded, with directions.

MILLS and TRAPP, JJ., concur.