*In re* MARRIAGE OF GALE R. BROWN, Petitioner-Appellant, and BONNIE S. BROWN, Respondent-Appellee.

Fourth District   No. 4—86—0561

Opinion filed April 6, 1987.

Reino C. Lanto, Jr., of Rantoul, for appellant.

No brief filed for appellee.

JUSTICE LUND delivered the opinion of the court:

Petitioner, Gale R. Brown, appeals from an order of the circuit court of Champaign County which found that no personal jurisdiction existed over respondent, and ordered the service of summons upon her quashed.

Petitioner filed his petition for dissolution of marriage in the circuit court of Champaign County on August 16, 1985. He listed his address as Rantoul, Illinois, and his employment as the United States Air Force, Chanute Air Force Base. Respondent Bonnie S. Brown's residence was listed as Virginia Beach, Virginia. On August 23, 1985, respondent was personally served with summons by the deputy sheriff for the city of Virginia Beach, State of Virginia.

Respondent filed a special and limited appearance on September 19, 1985, attacking personal jurisdiction because of her nonresidence in the State of Illinois. Until September 19, 1985, her only connection with the State of Illinois was letters she wrote and phone calls she made to military personnel at the Chanute Air Force Base.

Petitioner filed an affidavit on October 2, 1985, that stated in

part:

"3. That after he was assigned to Chanute Air Force Base, his wife, (Respondent herein) began an active campaign to extort inordinate sums of child support from him and threatened—in phone calls and letters to Petitioner (received in Champaign County, Illinois) to 'ruin' his Air Force career if he did not pay sums in excess of 40% of his pay.

4. That thereafter, during the summer of 1984, Respondent carried out said threat by phone calls and letters to Petitioner's commander at Chanute Air Force Base accusing (falsely) Petitioner of acts of child molestation [Ill. Rev. Stat., ch. 38, pars. 12—15], a civil felony and military General Court Martial offense [Art. 134, Unif. Code of Mil. Justice, 10 USC, sec. 934], which could result in his discharge from the Air Force; that said allegations resulted in an extensive military criminal investigation at Chanute Air Force Base which was resolved in Petitioner's favor."

In addition, petitioner filed an answer to the special and limited appearance contending that because of the actions set forth in the affidavit respondent had submitted herself to the jurisdiction of the Illinois courts.

On March 11, 1986, the trial court ruled that *in rem* jurisdiction existed, but the court lacked *in personam* jurisdiction. A docket order was entered on that day quashing the service of summons. A motion to reconsider the jurisdiction question was filed on June 19, 1986, the same date as the hearing on grounds. A docket entry on June 19 indicated the denial. The written judgment of dissolution filed on July 28, 1986, effectively denied the motion for reconsideration. Petitioner's notice to appeal the jurisdiction decision was filed August 27, 1986.

■ Respondent has filed no brief in this court. However, the record is simple, and the claimed error may be decided on the merits without the brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

Petitioner argues respondent's actions resulted in personal jurisdiction under the provisions of section 2—209 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—209). Section 2—209 provides in part:

"(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the

jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

\* \* \*

(2) The commission of a tortious act within this State;

\* \* \*

(5) With respect to actions of dissolution of marriage and legal separation, the maintenance in this State of a matrimonial domicile at the time this cause of action arose or the commission in this State of any act giving rise to the cause of action.

(b) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this Section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State.

(c) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this Section."

Petitioner argues the false and slanderous accusations were activities by respondent falling within the purview of section 2—209, and therefore, petitioner has *in personam* jurisdiction over respondent. Essentially, petitioner argues that because respondent's false and slanderous accusations provided the grounds for his dissolution of marriage action, section 2—209 provides for personal jurisdiction over respondent.

It is clear that the trial court had *in rem* jurisdiction. Section 401(a) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1985, ch. 40, par. 401(a)) provides in part:

"The court shall enter a judgment of dissolution of marriage if at the time the action was commenced, one of the spouses was a resident of this State or was stationed in this State while a member of the armed services, and the residence or military presence had been maintained for 90 days next preceding the commencement of the action or the making of the finding."

Personal service or service by publication on a nonresident completes the requirements for *in rem* jurisdiction, that is, jurisdiction of marital status, even though the grounds took place in a different State. (*In re Marriage of Goslin* (1982), 106 Ill. App. 3d 87, 435 N.E.2d 821.) Petitioner had been stationed in Illinois as a member

of the armed forces for at least 90 days prior to commencing the dissolution action. Respondent was served personally in Virginia. Therefore, petitioner had established at least *in rem* jurisdiction in order to obtain the dissolution of his marriage.

At this point, we wish to make a technical comment. The order of the trial court was to quash the service of summons. If we accept this order, the *in rem* jurisdiction is destroyed as well as the *in personam* jurisdiction. It is clear from the other written findings that the trial court simply meant to rule that there was no *in personam* jurisdiction over respondent. Therefore, our holding, as we explain below, is to reverse the order to quash the service of summons, but to affirm the trial court's finding that no *in personam* jurisdiction existed.

The question of *in personam* jurisdiction is more complex. Section 2—209 creates *in personam* jurisdiction against certain defendants for certain limited causes of action. If *in personam* jurisdiction is sought based on section 2—209, the cause of action must also be found within section 2—209. (Ill. Rev. Stat. 1985, ch. 110, par. 2—209(c).) We must first ascertain whether petitioner's cause of action is grounded in section 2—209.

One of the grounds for dissolution under the Act is "extreme and repeated *** mental cruelty." (Ill. Rev. Stat. 1985, ch. 40, par. 401(a)(1).) Petitioner's original petition failed to state the grounds for requesting dissolution. A motion to amend was filed requesting the following provision be added to the petition:

"That without just cause or provocation by Petitioner, Respondent has been guilty of extreme and repeated mental cruelty towards Petitioner."

The motion was allowed on March 11, 1986.

The trial court heard the dissolution evidence on June 19, 1986, and the evidence as to the grounds was as follows:

"Q. Now you allege that, without provocation, Bonnie S. Brown has been guilty of acts of extreme and repeated mental cruelty towards you. Is it correct, as you set forth in your motions and in the prior pleadings in this court, that, on numerous and repeated occasions, while you were stationed with the United States Air Force at Chanute Air Force Base in Illinois, and while, to the best of your knowledge, she was in Virginia Beach, Virginia, she made certain contacts with your superiors at Chanute Air Force Base?

A. That's correct.

Q. And in those contacts with your superiors—these were

both verbal and written, were they not?

A. That's correct.

Q. And in those contacts to your superiors at Chanute Air Force Base, Illinois, did she make allegations that you had committed various sexual acts of indecent liberties with your minor daughters?

A. That's correct.

Q. And did these allegations of hers, in fact, trigger an Air Force investigation?

A. That's correct.

Q. And did this investigation and these allegations, in fact, put you in jeopardy of being subject to prosecution under Article 134 of the Uniform Code of Military Justice?

A. Yes.

Q. Were these allegations, in fact, false?

A. Yes, they were false.

Q. In all their particulars?

A. Yes, they were.

Q. And did these acts of hers, in contacting your superiors on Chanute Air Force Base, Illinois, both, again, by phone and written—did they, in fact, cause you severe mental anguish and embarrassment?

A. Yes, sir, they did.

Q. And did they, in fact, damage your military career here in Illinois?

A. Yes, sir, they did.

Q. And did you do anything whatsoever to provoke those acts?

A. No, sir.

Q. And did she indicate to you that she intended these actions to cause you and your military career harm at Chanute Air Force Base?

A. Yes, she did."

From the above testimony, we agree with the trial court that respondent's acts of telephoning and mailing slanderous information to petitioner's superiors were acts of mental cruelty such that petitioner proved his grounds for dissolution.

Petitioner argues respondent's acts go further. He contends respondent's actions were a commission within the State of Illinois of acts which gave rise to his dissolution action, and, therefore, fell within the scope of section 2—209. In support, petitioner argues from cases dealing with the tort of libel. Although no Illinois cases

hold that *in personam* jurisdiction exists where libelous writings from without Illinois are directed into the State, petitioner cites a case from the Federal District Court for the Northern District of Illinois (*Process Church of the Final Judgment v. Sanders* (N.D. Ill. 1972), 338 F. Supp. 1396). However, a dissolution action varies, in social and legal concepts, from one for libel.

■ Whether the conduct in the instant case was sufficient minimum contact as to render it consistent with the "traditional notions of fair play and substantial justice" required by *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 324, 90 L. Ed. 95, 107, 66 S. Ct. 154, 162, is the question to be determined. The fact that a defendant's acts fall within the terms of the long arm statute does not necessarily mean the exercise of jurisdiction over him is proper. Rather, the exercise of jurisdiction must be consistent with due process. (*People ex rel. Mangold v. Flieger* (1985), 106 Ill. 2d 546, 550, 478 N.E.2d 1366, 1367; *Boyer v. Boyer* (1978), 73 Ill. 2d 331, 340-41, 383 N.E.2d 223, 225.) The quality and nature of the respondent's acts must be such that it is reasonable and fair to require her to conduct her defense in the forum State. See 73 Ill. 2d 331, 339-40, 383 N.E.2d 223, 225; *Kulko v. California* (1978), 436 U.S. 84, 92, 56 L. Ed. 2d 132, 141, 98 S. Ct. 1690, 1696-97.

Our supreme court held in *Boyer* that the failure to support defendant's children, who lived in Illinois, did not impose jurisdiction. In *Mangold*, the court held lack of jurisdiction where the paternity resulted from intercourse in New Jersey, even though the father had paid support in Illinois.

In contested marriage dissolution cases, the Act provides for trials on a bifurcated basis, with grounds being tried first. (Ill. Rev. Stat. 1985, ch. 40, par. 403(e).) The court is to require "proper and sufficient proof of the existence of the grounds." (Ill. Rev. Stat. 1985, ch. 40, par. 403(f).) Also, the dividing of property is to be without regard to marital misconduct, and among the factors to be considered by the court is "the contribution or dissipation of each party in the acquisition, preservation, or depreciation *** in value, of *** property." Ill. Rev. Stat. 1985, ch. 40, par. 503(d)(1).

■ Respondent's phone calls and letters do not affect the property division, maintenance, support, or child custody issues in a dissolution proceeding. Petitioner requested the court to award him as his sole property the retirement benefits he will receive upon his retirement from the military. It is highly unlikely that respondent's letters and phone calls affected petitioner's future retirement benefits. We note that the grounds for dissolution have become increas-

ingly more liberal, and while they have not technically reached pure no fault, they do include the concept of an irretrievable breakdown. (Ill. Rev. Stat. 1985, ch. 40, par. 401(a)(2).) Because of this liberality as to grounds and because of the limited effect, if any, of respondent's letters and phone calls on the other factors of a dissolution, we conclude that respondent's acts were not of the quality and nature such that we could find it fair and reasonable to require her to conduct her defense relating to property, support, and maintenance issues in the State of Illinois. Child custody jurisdiction will be controlled by the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1985, ch. 40, pars. 2101 through 2126). Support may be litigated within the provisions of the Revised Uniform Reciprocal Enforcement of Support Act. Ill. Rev. Stat. 1985, ch. 40, pars. 1201 through 1242.

In *Kulko v. California Superior Court* (1978), 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690, the appellee commenced an action in California against the appellant, her former husband, to increase her child support payments. The appellant had no contact with the State of California, except to buy his daughter a one-way airplane ticket there. The daughter had stated her preference to live with her mother in California and the appellant acquiesced. The Supreme Court held that California could not fairly assert personal jurisdiction over the appellant because of such minimal contacts. Considering the actual significance of the respondent's actions in Illinois as they relate to the many issues involved in a full dissolution of marriage action, we find her contact with the State of Illinois of a quality equal to or less than that of the appellant in *Kulko*.

For the reasons set forth herein, we affirm the finding of the circuit court of Champaign County that *in personam* jurisdiction was not established over respondent, but reverse the order quashing the service of summons.

Affirmed in part and reversed in part.

SPITZ, P.J., and McCULLOUGH, J., concur.