SARAH CHRISTIANSEN, Plaintiff-Appellant, v. PATTI SAYLOR, Defendant-Appellee (Ronald E. Kranig *et al.*, d/b/a Asset Recovery Systems, Assignees and Plaintiffs-Appellants).

Second District    No. 2—97—0742

Opinion filed July 9, 1998.

Ronald E. Kranig and Mark P. Mannebach, both of Waukegan, appellants *pro se.*

Anthony H. Buckun, of Buckun & Buckun, of Des Plaines, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Assignee-plaintiffs, Ronald E. Kranig and Mark P. Mannebach, d/b/a Asset Recovery Systems (plaintiffs), appeal from an order of the circuit court of Lake County that denied their motion to reconsider a previous order that vacated a default judgment against defendant, Patti Saylor. The order appealed from also directed a finding in favor of defendant.

The record reveals the following facts. On December 20, 1996, the original plaintiff, Sarah Christiansen, filed a small claims complaint

against defendant. The complaint alleged that defendant owed Christiansen $1,450 "for rent due for the apartment located at 932 W. Rollins Road, Round Lake Heights, Illinois."

Summons was issued December 20, 1996. The summons requested service on defendant "c/o Onie Watkins 936 W. Rollins Rd. Apt. 2 Round Lake Heights, IL." The affidavit of service submitted by a deputy sheriff indicates that defendant was personally served on December 23, 1996, at 936 W. Rollins Rd., Apt No. 2, Round Lake Heights, Illinois. The affidavit shows that service was had on a 52-year-old white female.

The summons required defendant to appear before the trial court to answer the complaint on January 24, 1997. On that date, defendant did not appear, and the trial court entered a default judgment against defendant and in favor of Christiansen in the amount of $1,450.

On April 15, 1997, Christiansen assigned the judgment to plaintiffs for unspecified valuable consideration. On April 28, 1997, plaintiffs filed a citation to discover assets against defendant. The affidavit of service for the summons related to the citation to discover assets shows that defendant was personally served on May 2, 1997, at 150 Antaris Circle, Round Lake, Illinois. The affidavit shows that service was had on a 47-year-old white female.

Defendant responded to the citation to discover assets by filing a motion pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 1996)). The motion sought to quash service with respect to Christiansen's complaint against defendant and to vacate the judgment.

Defendant appeared at a hearing on the matter and denied that she received the summons related to Christiansen's complaint. Defendant testified that she never lived at 936 W. Rollins, the address where she was purportedly served. According to defendant, the first time she heard anything about this case was early in May 1997. She testified that she then immediately contacted the manager of the apartment complex that was the subject of Christiansen's complaint (Lynwood Apartments) and established that she did not owe Lynwood Apartments any rent. Defendant acknowledged that she knew who Christiansen was, but denied owing Christiansen any money.

On cross-examination, defendant denied ever borrowing any money from Christiansen. Defendant also denied that Christiansen ever paid any rent for her. Defendant admitted knowing Onie Watkins. Defendant denied ever living in Watkins' apartment.

Defendant called Beth Braynard to testify at the hearing. Braynard has been the on-site manager of Lynwood Apartments since December 1996. Braynard testified that defendant did not owe Lyn-

wood Apartments or its landlord any money. According to Braynard, Christiansen was a former manager of Lynwood Apartments. Braynard did not believe that the owner of Lynwood Apartments had authorized a suit against anyone for rents due. Braynard testified that defendant never lived at 936 W. Rollins, the address where Christiansen's summons and complaint purportedly were served on defendant.

Plaintiffs called Steve Trudeau. Trudeau was the deputy sheriff who signed the affidavit of service showing that he personally served Christiansen's summons and complaint on defendant. Trudeau was not able to identify defendant as the person he served. Trudeau testified that he knows Onie Watkins and that she was not the person he served. He also testified that if he had served Watkins, he would have shown substitute service on the affidavit of service.

Plaintiffs also called Jordan Primack. Primack was Christiansen's attorney when she filed the complaint against defendant. Primack testified that Christiansen did not sue defendant as an agent for Lynwood Apartments or its owner.

At the conclusion of the hearing, the trial court ruled on the matter. The court first noted that it had an opportunity to judge the credibility of the witnesses. The court then found that defendant had not been served with Christiansen's summons and complaint. The court entered an order vacating the judgment against defendant and setting the matter for trial.

Plaintiffs filed a timely motion to reconsider. In the motion, plaintiffs argued that the trial court's ruling was erroneous because (1) by making a general appearance defendant waived all challenges to jurisdictional defects, including the failure of service, and (2) plaintiffs' third-party rights stemming from their good-faith purchase of the judgment from Christiansen precluded vacating the judgment on the basis of defendant's denial of service.

On the same date that plaintiffs filed their motion to reconsider, the trial court entered an order denying the motion. The order stated that trial was to begin *instanter* and that plaintiffs were unable to continue in that they were not able to put on any evidence. The order "directed a verdict [*sic*]" in favor of defendant. Plaintiffs' timely appeal followed.

Plaintiffs raise the same issues on appeal that they raised in their motion to reconsider. Thus, plaintiffs first contend that defendant waived her right to challenge any jurisdictional defects, including the failure of service, by making a general appearance. Defendant responds by conceding that she made a general appearance. However, defendant contends that her general appearance did not preclude her from seeking to vacate the judgment on any grounds, including the failure of service.

■ It is essential to the validity of a judgment that the court entering the judgment have jurisdiction of the subject matter of the litigation and jurisdiction over the parties. *State Bank v. Thill*, 113 Ill. 2d 294, 308 (1986). Absent a general appearance, a court can obtain personal jurisdiction only after proper service of process. *State Bank*, 113 Ill. 2d at 308. A party over whom a court fails to acquire jurisdiction may, at any time, either directly or collaterally, attack and vacate a judgment that the court enters against the party. *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989).

■ A party challenging the jurisdiction of a court prior to the entry of a judgment must limit his appearance solely to that purpose by making a special and limited appearance, and, where the party raises additional defenses, he has made a general appearance and thereby submitted himself to the court's jurisdiction. *Sullivan v. Bach*, 100 Ill. App. 3d 1135, 1140-41 (1981). However, where a judgment has previously been entered against a party, there is no need to file a special and limited appearance to challenge past jurisdiction unless the party also wishes to contest the court's prospective jurisdiction. *Sullivan*, 100 Ill. App. 3d at 1141-42. This is because a general appearance does not submit a party to the court's jurisdiction retroactively and does not serve to validate a previous judgment entered without jurisdiction. *J.C. Penney Co. v. West*, 114 Ill. App. 3d 644, 647 (1983).

■ In this case, the trial court entered the judgment against defendant before defendant made her general appearance, and, when she made her general appearance, defendant did not challenge the trial court's prospective jurisdiction. Therefore, defendant's general appearance did not submit her to the court's jurisdiction retroactively, and she properly challenged the court's jurisdiction to enter the judgment against her. Accordingly, plaintiffs' contention that defendant waived her right to challenge the judgment on jurisdictional grounds by filing a general appearance is untenable.

■ Plaintiffs next contend that the trial court erred in vacating the judgment because they were third-party purchasers of the judgment who made their purchase in reliance on the facial validity of the service of summons on defendant. Plaintiffs argue that the third-party rights in the judgment that they acquired when they purchased the judgment cannot be challenged, as defendant has attempted to do in this case, on the ground of failure of service.

Defendant responds that plaintiffs waived this issue by not raising it in the trial court. However, the record clearly shows that plaintiffs raised the issue when they filed their motion to reconsider in the trial court. We therefore conclude that plaintiffs did not waive the issue by failing to raise it in the trial court, and we will address the issue.

724

■ In support of their position, plaintiffs cite *Janove v. Bacon*, 6 Ill. 2d 245 (1955), and *Kolmar, Inc. v. Moore*, 323 Ill. App. 323 (1944). Plaintiffs' reliance on these cases is misplaced. Unlike the plaintiffs in *Janove* and *Kolmar*, plaintiffs in this case have not asserted third-party rights in a judgment taken upon a negotiable instrument or in a judgment where title to real property was at issue. Rather, plaintiffs in this case have merely asserted third-party rights in a judgment on an unsecured personal debt. Such a judgment is a mere chose in action, and, therefore, the doctrine of *caveat emptor* applies to a purchaser of the judgment. *Hinkley v. Champaign National Bank*, 216 Ill. 559, 564 (1905). Because plaintiffs' purchase of the judgment from Christiansen did not give them rights in anything except the judgment, *Janove* and *Kolmar* are not controlling in this case.

■ Instead, section 2—1401(e) of the Code is controlling. Section 2—1401(e) embodies the public policy regarding relief from judgments with respect to third-party purchasers in proceedings, such as this one, brought pursuant to section 2—1401. Section 2—1401(e) provides as follows:

"(e) Unless lack of jurisdiction affirmatively appears from the record proper, the vacation or modification of an order or judgment pursuant to the provisions of this Section does not affect the right, title or interest in or to any real or personal property of any person, not a party to the original action, acquired for value after the entry of the order or judgment but before the filing of the petition, nor affect any right of any person not a party to the original action under any certificate of sale issued before the filing of the petition, pursuant to a sale based on the order or judgment." 735 ILCS 5/2—1401(e) (West 1996).

Section 2—1401(e) is intended to protect *bona fide* purchasers of property from the effects of an order setting aside a judgment affecting title to the property if the purchaser was not a party to the original proceeding and lack of jurisdiction did not affirmatively appear in the record. *Mountain States Mortgage Center, Inc. v. Allen*, 257 Ill. App. 3d 372, 380 (1993).

In this case, the order vacating the judgment did not affect plaintiffs' title or interest in any property. Rather, the order affected only plaintiffs' interest in a chose in action, the judgment that they purchased from Christiansen.

■ The assignment of a judgment does not imply that the judgment is impregnable. *Hinkley*, 216 Ill. at 564. An action by an assignee of a judgment is generally subject to any defense or setoff existing before the assignment of the judgment. 735 ILCS 5/2—403 (West 1996). A void judgment is subject to collateral attack at any time, and

the judgment may be impeached in any proceeding where a right is asserted by virtue of the judgment. *Reynolds v. Burns*, 20 Ill. 2d 179, 192 (1960). Section 2—1401 does not "affect[ ] any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2—1401(f) (West 1996).

■ Under these principles, plaintiffs' third-party rights in the judgment that Christiansen assigned to them did not preclude defendant's challenge to the trial court's jurisdiction based on the failure of service. Consequently, plaintiffs' contention that the rights they acquired when they purchased the judgment from Christiansen precluded jurisdictional challenges to the judgment fails.

In sum, the trial court did not err when it based its decision to vacate the judgment on defendant's jurisdictional challenge to the judgment on the ground of the failure of service. The judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and HUTCHINSON, JJ., concur.