SHENA WILSON, Plaintiff-Appellee, v. TELOPTIC CABLE CONSTRUCTION COMPANY, INC., Defendant-Appellant (Grinnell Mutual Reinsurance Company, Garnishee-Appellant).

First District (5th Division)   Nos. 1—98—4005, 1—99—1147, 1—99—1181 cons.

Opinion filed June 9, 2000.

Michael J. Duffy and Frank B. Slepicka, both of Tressler, Soderstrom, Maloney & Priess, of Chicago, for appellants.

Mark L. Karno, of Mark L. Karno & Associates, of Chicago, for appellee.

PRESIDING JUSTICE THEIS delivered the opinion of the court:
Defendant, TelOptic Cable Construction Company, Inc. (TelOptic), and garnishee, Grinnell Mutual Reinsurance Company (Grinnell), appeal from an order of the circuit court denying TelOptic's petition to vacate a default judgment pursuant to section 2—1401 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2—1401 (West 1998)) and denying Grinnell's petition to vacate the subsequent garnishment and turnover order entered against it. They alleged that the default judgment and subsequent orders were void because the trial court lacked personal jurisdiction over TelOptic when it entered the order of

default. In denying the petitions, the trial court found that TelOptic had subjected itself to the jurisdiction of the court by entering a general appearance prior to the entry of final judgment. For the following reasons, we affirm.

Plaintiff, Shena Wilson, filed an action on June 3, 1996, to recover damages from TelOptic, John Yazel, and Marcus Nathan[1] for personal injuries she allegedly sustained as a passenger in a motor vehicle accident. Wilson attempted to serve process upon TelOptic through the McHenry County sheriff's department. The department completed a return of service form indicating that service had been effected upon Thomas V. Balacek, TelOptic's registered agent. On January 13, 1997, Wilson obtained an order of default against TelOptic for failure to appear, answer or otherwise plead to the allegations of the complaint. The matter was continued to May 12, 1997, for a prove-up hearing on damages.

On March 4, 1997, after being notified by its insurer of the default order, TelOptic filed a general appearance and a motion to vacate pursuant to section 2—1203 of the Code. 735 ILCS 5/2—1203 (West 1998). Therein, TelOptic asserted that it had exercised due diligence, had a valid defense to the claims alleged in the complaint, and had filed its motion prior to final judgment being entered. TelOptic did not challenge the court's personal jurisdiction over it. On April 17, 1997, the motion was presented to Judge Philip Bronstein. However, he declined to rule, finding that the motion should be presented before Judge Bastone, the trial judge who entered the order of default. TelOptic never refiled its motion before Judge Bastone prior to the prove-up date.

Despite having notice of the May 12 prove-up hearing, TelOptic was not present and the trial court entered a judgment in the amount of $300,000 in favor of Wilson. The record reflects that on June 16, 1997, TelOptic filed a notice of its intent to file a motion to vacate the default judgment. However, that motion does not appear in the record and was not noticed for hearing until December 29, 1997. On that date, the court entered a final and appealable order denying the motion to vacate pursuant to sections 2—1301 and 2—1401 of the Code. 735 ILCS 5/2—1301, 2—1401 (West 1996). The order was based on a lack of due diligence. No challenge had been made at that time regarding a lack of personal jurisdiction, and no appeal was taken from that final order.

---

[1]Nathan was subsequently nonsuited and Yazel's debts were discharged in bankruptcy proceedings. Accordingly, TelOptic was the only remaining party defendant in the case.

Thereafter, Wilson initiated garnishment proceedings against TelOptic's insurer, Grinnell. Grinnell filed its answer and affirmative defenses, contending that TelOptic breached the notice provisions of the policy. Wilson and Grinnell then filed cross-motions for summary judgment. On September 21, 1998, the trial court denied Grinnell's motion for summary judgment and granted judgment in favor of Wilson. She subsequently filed a motion for a turnover order against Grinnell which was granted on October 21, 1998. However, the trial court stayed the enforcement of the judgment and turnover order based upon Grinnell's filing of an appeal bond.

On February 9, 1999, TelOptic and Grinnell filed new motions to vacate the default judgment entered against TelOptic pursuant to section 2—1401 of the Code. 735 ILCS 5/2—1401 (West 1998). Grinnell also filed a motion to vacate the turnover order. Both motions were based upon Wilson's failure to effect service of process on TelOptic. They alleged that TelOptic and its registered agent, Balacek, were not served and could not have been served as asserted by the sheriff's department because TelOptic was no longer doing business at the location where service was purportedly effected and had ceased doing business at that location six months earlier. In support of the motion, they included the affidavit of Balacek, as well as the affidavits of David Nass and John LoCasio, the lessors of both properties.

On March 11, 1999, the trial court denied TelOptic and Grinnell's motions, finding that, even assuming the entry of a void default order on January 13, 1997, TelOptic had subjected itself to the jurisdiction of the court by filing a general appearance and motion to vacate on grounds unrelated to jurisdiction prior to the entry of the default judgment. Consequently, the trial court held that the order of May 12, 1997, was valid and enforceable.

On appeal, TelOptic and Grinnell contend that the trial court's entry of the default judgment is void because at the time the court entered the order of default on January 13, 1997, Wilson had not effected service of process on TelOptic. Therefore, the court's subsequent entry of the default judgment at the prove-up hearing was also void and could be attacked at any time.

■ The issue of whether the trial court had personal jurisdiction over TelOptic is a question of law, which this court considers *de novo*. *White v. Ratcliffe*, 285 Ill. App. 3d 758, 764, 674 N.E.2d 906, 911 (1996). To obtain a valid judgment, the court entering the judgment must have jurisdiction over the subject matter of the litigation and jurisdiction over the parties. *Christiansen v. Saylor*, 297 Ill. App. 3d 719, 723, 697 N.E.2d 1188, 1191 (1998). A party over whom a court fails to acquire personal jurisdiction may attack and vacate a judgment

entered against the party at any time, either directly or collaterally. *Christiansen*, 297 Ill. App. 3d at 723, 697 N.E.2d at 1191.

■ Essential to our resolution of this case is a determination of when the default judgment was entered. A defendant seeking to contest the court's jurisdiction prior to the entry of a judgment must limit his appearance solely to that purpose by making a special and limited appearance. Where additional defenses are raised, the defendant has made a general appearance and thereby submitted himself to the jurisdiction of the court prospectively. *J.C. Penney Co. v. West*, 114 Ill. App. 3d 644, 646, 449 N.E.2d 188, 190 (1983); see also 735 ILCS 5/2—301 (West 1996). However, if a judgment has previously been entered against the defendant, the making of a general appearance does not submit him to the court's jurisdiction retroactively and personal jurisdiction may be challenged. *Sullivan v. Bach*, 100 Ill. App. 3d 1135, 1141-42, 427 N.E.2d 645, 651 (1981).

In the present case, an order of default was entered by the trial court due to TelOptic's failure to appear. Subsequently, TelOptic filed a general appearance and a motion to vacate the default, claiming that it had a meritorious defense to the complaint. That motion was brought pursuant to section 2—1203 of the Code, which is applicable to cases which have been tried without a jury. 735 ILCS 5/2—1203 (West 1996). No further steps were taken by TelOptic to have its motion heard before Judge Bastone, and no challenge was made to the court's personal jurisdiction. Thereafter, a default judgment was entered. Two years later, a motion to vacate the default for lack of personal jurisdiction was brought pursuant to section 2—1401 of the Code. 735 ILCS 2—1401 (West 1998). TelOptic and Grinnell now argue that the order of default was in effect a void "judgment" on liability without which the final default judgment could not be rendered. Consequently, they assert that TelOptic's general appearance, made after the "judgment" on liability, did not waive its right to attack the subsequent final default judgment. We disagree.

■ In making their contention, defendants fail to recognize the distinction between an order of default and a default judgment. The entry of a default does not constitute a judgment; rather, it is an order precluding the defaulting party from making any further defenses regarding liability. It is simply "an interlocutory order that in itself determines no rights or remedies." 46 Am. Jur. 2d *Judgments* § 266 (1994).

The default judgment is the act that terminates the litigation and decides the dispute. 46 Am. Jur. 2d *Judgments* § 266 (1994). It is final if it grants the plaintiff relief and either resolves the case entirely or is final as to one party or cause of action and is certified in accord with

the requirements of Supreme Court Rule 304(a). 155 Ill. 2d R. 304(a); *Stotlar Drug Co. v. Marlow*, 239 Ill. App. 3d 726, 728, 607 N.E.2d 346, 348 (1993). Moreover, a default judgment comprises two factors: (1) a finding of the issues for the plaintiff; and (2) an assessment of damages. *Trobiani v. Racienda*, 95 Ill. App. 2d 228, 234, 238 N.E.2d 177, 180 (1968).

■ Applying these principles to the present case, the trial court correctly found that TelOptic subjected itself to the jurisdiction of the court by filing a general appearance and motion to vacate on grounds unrelated to jurisdiction prior to the entry of the default judgment. Thus, even assuming the order of default was void for failure to effect service of process, by filing its general appearance and motion to vacate the default prior to the entry of the judgment, TelOptic implicitly recognized the case as being in court and waived any jurisdictional challenge. *Weierman v. Wood Landscaping, Inc.*, 259 Ill. App. 3d 300, 630 N.E.2d 1298 (1994) (any action by a defendant that recognizes the case as being in court will constitute a waiver of his jurisdictional challenge unless the action taken is solely for the purpose of objecting to jurisdiction).

Furthermore, it is not a prerequisite that a default judgment be preceded by an order of default. *Trobiani*, 95 Ill. App. 2d at 234, 238 N.E.2d at 180. "Judgment by default may be entered for want of an appearance, or for failure to plead, but the court may in either case, require proof of the allegations of the pleadings upon which relief is sought." 735 ILCS 5/2—1301(d) (West 1998). Accordingly, the default and the judgment may be simultaneously entered. See, *e.g., Christiansen*, 297 Ill. App. 3d at 721, 697 N.E.2d at 1190; *Cavanaugh v. Lansing Municipal Airport*, 288 Ill. App. 3d 239, 242, 681 N.E.2d 39, 41 (1997). Thus, the January 13 order of default, which TelOptic claims was void, was not a prerequisite to or necessary for the trial court's entry of the valid judgment on May 12.

We reject TelOptic and Grinnell's argument that allowing the trial court to simultaneously enter the default and the judgment would circumvent the notice requirement in section 2—1302(a) of the Code. 735 ILCS 5/2—1302(a) (West 1998). That section provides:

> "(a) Upon the entry of an order of default, the attorney for the moving party shall immediately give notice thereof to each party who has appeared, against whom the order was entered, or such party's attorney of record. However, the failure of the attorney to give the notice does not impair the force, validity or effect of the order." 735 ILCS 5/2—1302(a) (West 1998).

Thus, if an order of default is entered, notice is required to allow that party an opportunity to promptly vacate the order to avoid a final

judgment. Although this method may be the generally followed procedure, nothing in the Code requires that an order of default be entered prior to the judgment. Where the order and judgment are simultaneously rendered, notice of the default judgment is then provided for, allowing the party an opportunity to timely vacate it within the court's jurisdiction. See, *e.g., Genesis & Sons, Ltd. v. Theodosopoulos*, 223 Ill. App. 3d 276, 281, 585 N.E.2d 188, 193 (1991) (due diligence standard relaxed where notice of default judgment was not provided within 30 days of its entry). Thus, the notice requirement is not circumvented by our ruling.

Additionally, TelOptic and Grinnell's argument, that the trial court's ruling deprived TelOptic of notice and an opportunity to be heard, is not well taken. While arguing that it "seeks nothing more than the opportunity to defend this case on the merits," TelOptic failed to avail itself of several opportunities to be heard and defend itself on the merits before and after the entry of the default judgment. It took no action to refile its initial motion to vacate the default prior to the hearing on May 12, 1997, and was well aware that a judgment would be entered on that date. Then, after judgment was rendered, it waited seven months to renew its argument that it had a meritorious defense. Once the court denied its section 2—1401 petition to vacate the default judgment, it became a final and appealable order. TelOptic took no action to appeal the decision of the trial court and is now foreclosed from making any arguments regarding its due diligence, lack of notice and opportunity to be heard. 155 Ill. 2d R. 303. Furthermore, while any failure to notify a defendant of the entry of a default judgment may make the judgment more vulnerable to a petition to vacate (*Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 227, 499 N.E.2d 1381, 1389 (1986)), it does not make the judgment void (735 ILCS 5/2—1302 (West 1998); *Skrypek v. Mazzocchi*, 227 Ill. App. 3d 1, 6, 590 N.E.2d 990, 994 (1992)). We therefore affirm the trial court's ruling that the default judgment was valid and enforceable.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HARTMAN and QUINN, JJ., concur.