*In re* MARRIAGE OF DIANA LYNN HOOVER, Petitioner-Appellee, and DON HERBERT HOOVER, Respondent-Appellant.

Fourth District   No. 4—99—0608

Opinion filed June 28, 2000.

McCULLOUGH, J., specially concurring in part and dissenting in part.

Maurice J. Barry, of Ostling & Barry, of Bloomington, for appellant.

Reginald S. Stanmar, of La Salle, for appellee.

PRESIDING JUSTICE COOK delivered the opinion of the court:

Diana Hoover (Diana) and Don Hoover (Don) married in Iowa in 1975. They lived together until approximately November 4, 1993, at which time Diana moved to Illinois. On March 9, 1994, Diana filed a petition for dissolution of marriage in the circuit court of McLean County. Summons was issued to Don, a Georgia resident, and he was personally served. The petition for dissolution requested that the court award Diana a judgment of dissolution, her nonmarital property, her equitable share of the marital property, and other relief as the court deemed equitable. Don did not appear or file any responsive pleadings after being served.

On September 15, 1994, Diana sent notice to Don that the case was set for a default hearing on the petition for dissolution of marriage. Don did not appear for the hearing, and an order of default was entered. After hearing testimony from Diana, the circuit court granted the petition for dissolution and ruled on the division of various assets and liabilities. The September 27, 1994, judgment of dissolution attributes over $65,000 in liabilities to Don, for which he will "hold [Diana] harmless." The court also entered judgment against Don for $22,500, representing property Diana had contributed to start Don's business.

On March 12, 1998, Diana filed a citation notice, seeking collection of the $22,500 judgment. On April 15, 1998, Don, through his attorney, filed a general appearance. Two months later, Don filed a motion to dismiss the citation on the grounds that the court lacked personal jurisdiction because Illinois was not the matrimonial domicile and he had not submitted to jurisdiction in Illinois. 735 ILCS 5/2—209 (West 1998). Two days later, Don filed a special and limited appearance, attacking jurisdiction on the underlying judgment. Don agreed that the judgment dissolving the marriage was proper; however, he moved to vacate the judgment as it related to property.

After hearing arguments, the court entered an order striking Don's special and limited appearance, finding that the general appearance of April 15, 1998, subjected Don to personal jurisdiction and retroactively applied to the prior judgment of dissolution. Don moved for reconsideration of the order, and the circuit court denied the motion.

The issue presented for our review is whether Don's postjudgment general appearance in response to the citation proceeding waived his objection to personal jurisdiction in Illinois as it relates to the judgment of dissolution. We find that the circuit court's retroactive application of Don's general appearance was in error.

■ Initially, we note that the circuit court did have *in rem* jurisdiction in this case, meaning jurisdiction over the marital status. *In re Marriage of Brown*, 154 Ill. App. 3d 179, 182, 506 N.E.2d 727, 729 (1987). Section 401(a) of the Illinois Marriage and Dissolution of Marriage Act provides in part:

> "The court shall enter a judgment of dissolution of marriage if at the time the action was commenced one of the spouses was a resident of this State *** and the residence *** had been maintained for 90 days next preceding the commencement of the action or the making of the finding ***." 750 ILCS 5/401(a) (West 1994).

Diana met the requirements of section 401 in March 1994 when she filed her petition for dissolution. Further, Don was personally served in Georgia with summons and the petition. Thus, the circuit court had

jurisdiction over the marital status and properly terminated the marriage. However, before the circuit court can enter binding orders relating to property, it must have personal jurisdiction over the parties. *Brown*, 154 Ill. App. 3d at 186, 506 N.E.2d at 731; see R. Cook, *Jurisdiction in Dissolution of Marriage Cases*, 77 Ill. B.J. 266 (1989).

It is essential to the validity of a judgment that the court have subject-matter jurisdiction and *in personam* jurisdiction over the parties. *Christiansen v. Saylor*, 297 Ill. App. 3d 719, 723, 697 N.E.2d 1188, 1191 (1998). A party over whom a court fails to acquire jurisdiction may, at any time, either directly or collaterally, attack and vacate a judgment that the court enters against the party. *Saylor*, 297 Ill. App. at 723, 697 N.E.2d at 1191.

■ Diana argues that Don's general appearance and motion to dismiss constituted a consent to personal jurisdiction in Illinois. The Code of Civil Procedure makes a distinction between "general appearances" and "special appearances." 735 ILCS 5/2—301 (West 1998). Section 2—301(a) of the Code of Civil Procedure (Code) provides:

> "Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. A special appearance may be made as to an entire proceeding or as to any cause of action involved therein. Every appearance, *prior to judgment*, not in compliance with the foregoing is a general appearance." (Emphasis added.) 735 ILCS 5/2—301(a) (West 1998).

We note that section 2—301 was extensively amended, effective January 1, 2000, to eliminate some of the technical challenges that had been made to objections to jurisdiction. Pub. Act 91—145, § 10, eff. January 1, 2000 (1999 Ill. Legis. Serv. 2032, 2034 (West)). Under amended section 2—301 of the Code, it is no longer necessary to file a special and limited appearance or a motion to quash service of process. An objection to jurisdiction over the person may be made by a motion to dismiss. The motion must be filed prior to the filing of a responsive pleading or certain other motions, but it " 'may be made singly or included with others in a combined motion.' " K. Beyler, *The Death of Special Appearances*, 88 Ill. B.J. 30, 32 (2000), quoting 735 ILCS 5/2—301(a) (West Supp. 1999). This case, of course, is governed by the preamendment version of section 2—301.

■ Had Don challenged the jurisdiction of the circuit court *prior* to the entry of judgment, he would have been required to file a special appearance. However, since the judgment was already entered against him, he did not need to file a special and limited appearance to challenge jurisdiction. *Saylor*, 297 Ill. App. 3d at 723, 697 N.E.2d at 1191;

3 R. Michael, Illinois Practice § 10.6, at 126 (1989) (Civil Procedure Before Trial). The postjudgment general appearance did not subject Don to personal jurisdiction retroactively. *Saylor*, 297 Ill. App. 3d at 723, 697 N.E.2d at 1191. Further, it did not serve to validate the previous judgment entered. *Saylor*, 297 Ill. App. 3d at 723, 697 N.E.2d at 1191.

We reverse the circuit court's order that retroactively applied Don's general appearance as a basis for personal jurisdiction. Further, the judgment of dissolution of marriage is void, except for the provisions terminating the marriage.

Reversed.

GARMAN, J., concurs.

JUSTICE McCULLOUGH, specially concurring in part and dissenting in part:

The general appearance concerned the citation proceedings.

Don's special and limited appearance and attached affidavit are apparently accepted as true by the majority. A review of the record shows, however, that the trial court never held a hearing on the merits of Don's special and limited appearance.

*Saylor*, as the majority confirms, stands for the proposition that a general appearance, postjudgment, does not submit a party to the jurisdiction of the court to make the judgment effective, where the court was without jurisdiction at the time judgment was entered. I agree. In *Saylor*, the trial court held a hearing on the question of service, and after judging the credibility of the witnesses, the court found that the defendant had not been served properly. The appellate court affirmed the trial court's action. In this case, the respondent's conclusion in his brief simply "requests that this court reverse the trial court's ruling and remand for further proceedings."

I submit, however, that the trial court never held a hearing on the merits of the special and limited appearance. The trial court ruled only on the general appearance question, finding Don waived any right to attack the jurisdiction of the trial court. A ruling by this court on the merits of the special and limited appearance of Don, when no hearing thereon has been held, is premature.